UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIUS LEON BURKS,                          Case No. 19-11012

           Plaintiff,                 George Caram Steeh
v.                                           United States District Judge

PRENTIS EDWARDS, Jr., *et al*,               Stephanie Dawkins Davis
                                             United States Magistrate Judge

           Defendants.
_____/

## REPORT AND RECOMMENDATION
## RULE 41(b) DISMISSAL AND MOTIONS TO DISMISS (ECF Nos. 13, 17)

## I.      PROCEDURAL HISTORY

Plaintiff Darrius Leon Burks filed this *pro se* civil rights complaint on April 5, 2017.   (ECF No. 1).   On May 2, 2099, District Judge George Caram Steeh referred this matter to the undersigned for all pretrial purposes.   (Dkt. 11). Counsel later appeared for Burks.   (ECF No. 21).   Defendants Caretti, Cracchialo, Walters, and Leitch filed motions to dismiss the complaint.   (ECF Nos. 13, 17). In response to those motions, Burks filed responses which included notices of voluntary dismissal as attachments.   (ECF Nos. 24-25).   But Burks did not file the notices of voluntary dismissal in their own right.   The court then ordered Burks to clarify, in writing, his intent to voluntarily dismiss this matter pursuant to Rule 41(a)(1)(A)(i) by October 10, 2019.   (ECF No. 29).   Burks did not meet this deadline.   On November 14, 2019, the court ordered Burks to show cause why the

1

complaint against these defendants should not be dismissed with prejudice based on the notices of voluntary dismissal and Burks' failure to comply with the October 3, 2019 Order.   (ECF No. 37).   The order warned Burks that "[f]ailure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that the matter be dismissed under Rule 41(b) as to defendants Caretti, Cracchialo, Walters, and Leitch."   *Id.*

As of the date of this report and recommendation, plaintiff has not filed a response to the order for clarification or the order to show cause.   Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Caretti, Cracchialo, Walters, and Leitch be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court."). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice

because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.   On balance, these factors weigh in favor of dismissal here.   With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*.   Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.   For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to Burks, the third factor also clearly weighs in favor of dismissal.   This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.   *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), report and recommendation adopted, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), report and recommendation adopted, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019).

Importantly, despite the court's warning that his action may be dismissed, Burks failed to respond to the Court's order to show cause.   In the order to show cause, the Court warned that "[f]ailure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that the matter be dismissed under Rule 41(b) as to defendants Caretti, Cracchialo, Walters, and Leitch."   (ECF No. 37).   Despite this clear warning, Burks has provided no good reason why the undersigned should not dismiss the complaint against these defendants.   *See Labreck*, *2.

And finally, given Burks' failure to respond to the court's order for clarification and the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.   Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case."   *White*, 2008 WL 2216281, *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, *2; *McMillian v. Captain D's*, 2007 WL 2436668, *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).   Thus, taken together, these factors support dismissal for failure to prosecute.

The undersigned concludes that, for the reasons discussed above, Burks has effectively abandoned his case by failing to respond to the order for clarification

and the order to show cause.   Under these circumstances, dismissal with prejudice
is appropriate.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that
plaintiff's complaint against defendants Caretti, Cracchialo, Walters, and Leitch be
**DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), and that
motions to dismiss be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and
Recommendation but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule
72.1(d).   Failure to file specific objections constitutes a waiver of any further right
of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and
Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some
issues but fail to raise others with specificity will not preserve all the objections a
party might have to this Report and Recommendation.   *Willis v. Sec'y of Health
and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of
Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Local Rule
72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"
etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   December 18, 2019                    s/Stephanie Dawkins Davis
                                            Stephanie Dawkins Davis
                                            United States Magistrate Judge