UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIUS LEON BURKS,                        Case No. 19-11012

          Plaintiff,                       George Caram Steeh
v.                                         United States District Judge

PRENTIS EDWARDS, Jr., *et al*,             Stephanie Dawkins Davis
                                           United States Magistrate Judge
          Defendants.
_____/

**REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL
AND TERMINATION OF MOTION FOR SUMMARY JUDGMENT
(ECF No. 30) AND MOTION FOR LETTERS ROGATORY (ECF No. 3)**

## I.    PROCEDURAL HISTORY

Plaintiff Darrius Leon Burks filed this *pro se* civil rights complaint on April

5, 2017.   (ECF No. 1).   On May 2, 2019, District Judge George Caram Steeh

referred this matter to the undersigned for all pretrial purposes.   (Dkt. 11).

Counsel later appeared for Burks.   (ECF No. 21).   Defendants Hathaway and

Edwards filed a motion for summary judgment.   (ECF No. 30).   Burks did not

timely file a response to this motion.   *See* E.D. Mich. L.R. 7.1(e)(1)(B) ("A

response to a dispositive motion must be filed within 21 days after service of the

motion.").   On December 10, 2019, the court ordered Burks to show cause, by

December 17, 2019 why the complaint against these defendants should not be

dismissed with prejudice based on Burks' failure to respond to the motion for

1

summary judgment, or in the alternative, Burks could file a response to the motion

for summary judgment by that same date.   (ECF No. 38).   The order warned

Burks that "**[f]ailure to timely or adequately respond in writing to this Order**

**to Show Cause or timely file a response to the motion will result in a**

**recommendation that the motion be granted or that the entire matter be**

**dismissed under Rule 41(b).**"   (ECF No. 38, emphasis in original).

As of the date of this report and recommendation, Burks has not filed a

response to the order to show cause or a response to the motion for summary

judgment.   Consequently, for the reasons set forth below, the undersigned

**RECOMMENDS** that plaintiff's complaint against defendants Hathaway and

Edwards be **DISMISSED** with prejudice under Federal Rule of Civil Procedure

41(b) and that the pending motions for summary judgment and for letters rogatory

be **TERMINATED** as moot.

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua*

*sponte* dismiss a claim for failure to prosecute or comply with an order.   *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.

Appx. 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d

731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b) "confers on district

courts the authority to dismiss an action for failure of a plaintiff to prosecute the

claim or to comply with the Rules or any order of the Court."). Indeed, the

"authority of a federal trial court to dismiss a plaintiff's action with prejudice

because of his failure to prosecute cannot seriously be doubted."   *Link*, 370 U.S. at

629.   "The power to invoke this sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars

of the District Courts."   *Link*, 370 U.S. at 629-630.   "[D]istrict courts possess

broad discretion to sanction parties for failing to comply with procedural

requirements."   *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC*

*Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d

451, 453 (6th Cir. 1991).   Further, "a district court can dismiss an action for

noncompliance with a local rule ... if the behavior of the noncomplying party rises

to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil

Procedure."   *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a

district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad
> faith, or fault; (2) whether the adversary was prejudiced
> by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v.*

*American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Under Sixth

Circuit precedent, "none of the factors is outcome dispositive," but "a case is

properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Knoll*, 176 F.3d at 363. On balance, these factors weigh

in favor of dismissal here. With respect to the first factor, similar to the facts in

*White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear

whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."

*Id.* Notably, in response to an earlier motion for summary judgment by these

same defendants, plaintiff filed a response in which he requested dismissal without

prejudice, relief, the availability of which was never determined by the court.

(ECF No. 26). However, the court struck the defendants' motion on October 3,

2019 for violation of the local rules concerning typographical requirements.

Edwards and Hathaway apparently made typesetting corrections and refiled their

motion, with no response from Burks. In view of his prior response requesting

dismissal, it is possible that Burks still desires dismissal, but his silence leaves his

intentions ambiguous. Regardless, "defendants cannot be expected to defend an

action," that plaintiff has "apparently abandoned, not to mention the investment of

time and resources expended to defend this case." *Id.* For these reasons, the first

and second factors weigh in favor of dismissal.

Moreover, based on the warning given to Burks, the third factor also clearly

4

weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), report and recommendation adopted, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), report and recommendation adopted, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019). Importantly, despite the court's warning that his action may be dismissed, Burks failed to respond to the Court's order to show cause. In the order to show cause, the Court warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b).**" (ECF No. 38, emphasis in original). Despite this clear warning, Burks has provided no good reason why the undersigned should not dismiss the complaint against these defendants. *See Labreck*, *2.

And finally, given Burks' failure to respond to the court's order to show cause and previous response requesting dismissal – albeit without prejudice, the

undersigned sees no utility in considering or imposing lesser sanctions.   Indeed, a

*sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a]

case."   *White*, 2008 WL 2216281, \*5 (citing *Washington v. Walker*, 734 F.2d

1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, \*2; *McMillian v.*

*Captain D's*, 2007 WL 2436668, \*2 (D.S.C. 2007) (dismissing motion to dismiss

and to compel arbitration because of plaintiff's failure to respond despite being

advised of the applicable procedures and possible consequences for failure to

respond adequately).   Thus, taken together, these factors support dismissal for

failure to prosecute.

Notably, the undersigned earlier issued a report and recommendation for

dismissal of other defendants under Rule 41(b) based on Burks' failure to respond

to two additional court orders.   (ECF No. 39).   The undersigned concludes that,

for the reasons discussed above, Burks has effectively abandoned his case by

repeatedly failing to follow the court's orders.   Under these circumstances,

dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's complaint against defendants Hathaway and Edwards be **DISMISSED**

with prejudice under Federal Rule of Civil Procedure 41(b), and that the pending

motions for summary judgment and for letters rogatory be **TERMINATED** as

moot.

The parties to this action may object to and seek review of this Report and

Recommendation but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).   Failure to file specific objections constitutes a waiver of any further right

of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.   *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.   Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.   Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.   If the Court determines that any objections are without merit, it may

8

rule without awaiting the response.

Date:   December 20, 2019                    s/Stephanie Dawkins Davis
                                            Stephanie Dawkins Davis
                                            United States Magistrate Judge